NH v. US Dept. of Education          CV-01-346-M    05/29/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


State of New Hampshire,
        Petitioner

        v.                                  Civil No. 01-346-M
                                            Opinion No. 2003 DNH 093
United States Department of
Education; and the New Hampshire
Committee of Blind Vendors
(David Ramsey, John Loveday,
John Toomey, Melinda Conrad,
Wayne Aldrich, Norman Jitras,
Michael Rossi, John Scarlotto,
and Martha York),
        Respondents


                          **O R D E R**


        Before the court are two motions for reconsideration – one

filed by the Committee of Blind Vendors ("CBV") (document no. 50)

and the other by the State (document no. 51).  For the reasons

given below, both motions for reconsideration are denied, but the

State's additional request for clarification is granted.


        With respect to reconsideration, the applicable standard of

review provides as follows:


        Rule 59(e) allows a party to direct the district
        court's attention to newly discovered material evidence

> or a manifest error of law or fact . . . .  The rule
> does not provide a vehicle for a party to undo its own
> procedural failures, and it certainly does not allow a
> party to . . . advance arguments that could and should
> have been presented to the district court prior to
> judgment.

DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001)

(quoting Aybar v. Crispín-Reys, 118 F.3d 10, 16 (1st Cir. 1997))

(alterations in the original).

CBV urges the court to reconsider its decision to affirm the arbitration panel's denial of attorney's fees, arguing that the court misapplied the common-benefit doctrine.  First, CBV did not raise the common-benefit doctrine before the arbitration panel, so forfeited its right to raise that argument on appeal.  Second, although CBV argues that the common-benefit doctrine compels an award of attorney's fees because the complaint before the arbitration panel was brought by blind vendors acting individually, rather than by CBV as an entity, that argument is without merit.  The original case filed in this court, Civ. No. 98-011-M, was brought by CBV.  The subsequent administrative process that the court mandated was also initiated by CBV before the New Hampshire Department of Education.  The complaint before

the arbitration panel which effected an appeal from the decision of the New Hampshire Department of Education, was also filed, necessarily, by CBV, the party to the administrative action from which the appeal was taken. Accordingly, CBV, the party to the administrative proceedings, benefitted all its members. Reconsideration of the decision affirming the arbitrator's decision regarding attorney's fees is denied.

The State urges the court to reconsider rejection of its sovereign immunity defense, raised for the first time on appeal. The State bases its argument on the fact that CBV did not seek monetary damages in this court in Civ. No. 98-011-M. While that is correct, as far as it goes, CBV of course did assert a claim for monetary damages in the administrative proceeding the State insisted upon – both in its March 30, 1998, request for an evidentiary hearing and in its complaint/appeal to the United States Department of Education. Thus, a request for monetary damages has been a part of this case (the administrative proceeding and the appeal to this court) since March 30, 1998.

After CBV asserted a claim for monetary damages, the State waived its sovereign immunity defense by engaging in the following litigation conduct:

- in at least five separate letters to officials at the United States Department of Education, counsel for the State raised jurisdictional objections to CBV's complaint, but made no mention of, and did not invoke, sovereign immunity as a bar to an award of monetary damages by the arbitration panel;

- in the motion to dismiss for lack of jurisdiction the State filed with the arbitration panel, it mentioned sovereign immunity, but did so in support of its claim that the arbitration panel was without jurisdiction over a dispute concerning a highway rest area located on state property; the State never asserted that sovereign immunity barred the arbitration panel from awarding monetary damages against it in a dispute over which the panel had jurisdiction;

- the State did not file a legal memorandum, before the arbitration panel, in opposition to CBV's memorandum invoking the panel's authority to award remedies, including monetary damages; and

- in its pre-hearing memorandum, the State argued the correct measure of monetary damages, but did not object, based on sovereign immunity, to the arbitration panel's authority to award monetary damages.

Given that litigation history, the fact that CBV did not seek monetary damages in Civ. No. 98-011-M, a different matter, is not

4

significant.[1]  The State waived its right to raise sovereign immunity as a defense by its litigation conduct in the administrative proceedings.

That CBV did not seek monetary damages in Civ. No. 98-011-M also does not help the State's position with respect to judicial estoppel.  When CBV filed Civ. No. 98-011-M, it brought suit in a forum that was very likely powerless to award monetary damages. It was the State, not CBV, that pushed to litigate CBV's claim in an administrative proceeding in which monetary damages were available, under the State's own view of the applicability of the Randolph-Sheppard Act.  Having successfully required CBV to arbitrate its dispute, the State cannot now be heard to complain that CBV obtained relief available in the very arbitration proceedings the State insisted upon.[2]

_____

[1] That history also undermines the State's repeated claim to have "consistently raised" the issue of sovereign immunity during the course of this litigation.  (See footnote 13 of the March 28, 2003, order.)

[2] The State's continued reliance upon footnote 1 of its motion to dismiss in Civ. No. 98-011-M is misplaced.  While that footnote purported to condition the State's invocation of the Randolph-Sheppard Act administrative remedies on CBV's "allegation that the Randolph-Sheppard Act applies" to this case, CBV made no such allegation.  Rather, CBV brought suit only under 23 U.S.C. § 111(b), and steadfastly argued, in opposition to the

Finally, in its motion for clarification, the State asks the court to apply the 75/25 commission split to the Hooksett rest areas, which employ vending shelters the State built after the arbitration panel hearing, and to the Springfield rest area, which employs a shelter built after the State filed its motion for summary judgment in this case. CBV objects, arguing that information regarding those construction projects does not qualify as "newly discovered evidence." While newly discovered evidence may be necessary to support a Rule 59 motion for reconsideration, the State's motion for clarification is not so restricted. In its March 28, 2003, order, the court applied the 75/25 split to all rest areas using vending shelters built by the State, and identified the four rest areas known to fit that qualification. To the extent the State built vending shelters at the Hooksett and Springfield rest areas, the same commission split should apply. Accordingly, the State's motion for clarification is granted; the 75/25 commission split also applies to the Hooksett and Springfield rest areas.

State's motion to dismiss, that the Randolph-Sheppard act <u>did not</u> apply to this case. Thus, it is the State, not CBV, that argued Randolph-Sheppard applied.

For the reasons given, CBV's motion for reconsideration (document no. 50) is denied, while the State's motion for reconsideration and clarification (document no. 51) is denied in part and granted in part.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 29, 2003

cc:  Jack B. Middleton, Esq.
     Joshua Z. Rabinovitz, Esq.
     Robert R. Humphreys, Esq.
     Nancy J. Smith, Esq.